UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADINE JOACHIN,

                              Plaintiff,

                    -against-

DREAM JOB STAFFING; EAST HAVEN
NURSING AND REHAB CENTER; CHRC
LEGAL UNIT; AMSTERDAM NURSING
HOME,

                              Defendants.

23-CV-10083 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nadine Joachin, who is proceeding *pro se*, alleges that Defendants violated her

constitutional rights when they denied her application for employment because of her criminal

history. By order dated November 20, 2023, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action asserting that Defendants violated her constitutional rights, presumably when she applied for work and was denied employment because of her alleged criminal background. She names as Defendants (1) New York State Department of Health ("DOH") Criminal History Record Check ("CHRC") legal unit; (2) Amsterdam Nursing Home ("Amsterdam"); (3) East Haven Nursing & Rehab Center ("East Haven"); and (4) Dream Job Staffing ("Dream Job"). The following facts are drawn from the complaint.

On January 14, 2023, in the Bronx, New York,

> I submitted documents to my EEOC Paul Esposito investigator regarding
> discrimination being promoted with these health care setting violating my 14th
> Amendment rights and 1st Amendment rights. They also violating my rights
> discriminating against [me] due to criminal background check.[1]

(ECF 1, at 5.) Plaintiff alleges that she suffered the following injuries: "I suffered bruises and

individuals calling me the n-word multiple times & referred to me as an slave." (*Id.* at 6.) She

seeks $50,000,000 in monetary damages.

## DISCUSSION

### A.    Claims Against DOH CHRC Legal Unit

Plaintiff names as a defendant "CHRC legal unit," which the Court understands to be

DOH's unit that processes criminal background checks for individuals who seek employment in

a nursing facility. The Court construes these claims as asserting a procedural due process claim

under the Fourteenth Amendment.

The Court first addresses the relevant statutory scheme for individuals seeking

employment at nursing facilities.

> Under New York law, applicants for employment involving direct patient care in a
> nursing home are required to submit to criminal background checks, including
> fingerprinting. N.Y. Pub. Health Law §§ 2899, 2899–a; N.Y. Exec. Law § 845–b.
> The Criminal History Records Check Legal Review Unit ("CHRC Unit") is the
> administration unit within the DOH tasked with fulfilling that statutory obligation.
> N.Y. Pub. Health Law § 2899–a(4).

*Walker v. Daines*, No. 08-CV-4861 (JGLB), 2009 WL 2182387, at *1 (E.D.N.Y. July 21, 2009).

To the extent Plaintiff seeks to bring claims against individuals employed at the CHRC legal unit

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original, unless noted otherwise.

concerning the decision regarding her eligibility to work at a nursing home, the Court grants

Plaintiff 60 days leave to amend this claim as follows.[2]

### 1.    42 U.S.C. § 1983

The Court construes Plaintiff's due process claims under Section 1983 because she seeks

relief from a state actor.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988). Private parties generally are not liable under the statute because "the United States

Constitution regulates only the Government, not private parties." *Ciambriello v. Cnty. of Nassau*,

292 F.3d 307, 323 (2d Cir. 2002). State officials can be sued in actions seeking injunctive relief

where there is a "special relation" between the state official and the statute being challenged, and

the officer has "some connection with the enforcement of the act." *Ex parte Young*, 209 U.S. 123,

157 (1908).

The complaint suggests that Plaintiff seeks injunctive relief under Section 1983 against

one or more state officials at DOH under the due process clause of the Fourteenth Amendment.

### 2.    Due Process

The Court understands Plaintiff's allegations as a challenge to the application of New

York's statute requiring a background check following her employment application at

Amsterdam, East Haven, and Dream Job. As noted above, the Court construes this part of

---

[2] To the extent Plaintiff seeks to assert claims against the CHRC legal unit itself, as opposed to the individuals working in that unit, seeking money damages, such claims are barred under the Eleventh Amendment. *See, e.g.*, *Walker*, 2009 WL 2182387, at *7 ("The DOH and its administrative subunit, the CHRC Unit, may assert Eleventh Amendment immunity since the DOH is an agency of the state, which is the real party in interest.").

Plaintiff's complaint as asserting a procedural due process claim under the Fourteenth Amendment. *See, e.g.*, *Walker*, 2009 WL 2182387, at *8 (discussing the plaintiff's due process challenge regarding the denial of his employment application by the CHRC legal unit).

"The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (To state a procedural due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law."). The Court assumes for the purpose of this order that Plaintiff possessed a property interest in her employment.[3]

When the government deprives a plaintiff of some property interest pursuant to an established procedure, procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991).

The complaint does not state facts to suggest that any state official denied Plaintiff procedural due process with regard to her application for employment because she does not allege that she took advantage of the state law remedies available to challenge any unfavorable

---

[3] "In general, the nature and contours of a specific property interest are defined by some source independent of the Constitution – most often state law." *Ezekwo v. New York City Health & Hosp. Corp.*, 940 F.2d 775, 782 (2d Cir. 1991) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

decision. For example, Plaintiff does not plead any facts suggesting that she challenged any decision by DOH in state court by filing an Article 78 proceeding. *See, e.g.*, *Walker*, 2009 WL 2182387, at *4 (describing a plaintiff's due process challenge to employment eligibility where plaintiff filed an Article 78 proceeding before seeking relief in federal court). Because this state court remedy is available to Plaintiff, and there are no allegations that she took advantage of the process or that the process is in any way inadequate, the complaint does not suggest that a state official violated her procedural due process rights.

### 3.    Leave to Amend Procedural Due Process Claim

The Court grants Plaintiff leave to amend her procedural due process claim. Should she choose to proceed with this claim, she must name the DOH state official(s) who were involved personally in her employment application, plead facts describing the steps she has taken to challenge any unfavorable DOH decisions, and allege any additional facts in support of her claim that the decision to deny her employment application violated her procedural due rights. If Plaintiff does not know the name of a state official, she can name him or her as a John or Jane Doe Defendant.

### 4.    First Amendment Claim

Plaintiff asserts in her complaint that her rights under the First Amendment were violated, but she does not state facts in support of this allegation. Should she want to proceed with a First Amendment claim against a state actor, she must allege facts describing the conduct on the part of a state actor that she considers a violation of her First Amendment rights.

## B.    Claims Against Amsterdam, East Haven, and Dream Job

Plaintiff asserts claims against two nursing facilities (Amsterdam and East Haven) and an employment agency (Dream Job), presumably related to DOH's decision regarding her employment eligibility. To the extent Plaintiff's claims against these Defendants concern her

employment, Plaintiff does not state facts suggesting that these Defendants violated any federal laws, such as Title VII of the Civil Rights Act, which bars employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). To the extent she asserts claims of discrimination regarding her criminal history, Title VII generally does not prohibit discrimination solely on the basis of a prior criminal conviction.[4] *See e.g.*, *Booker v. City of New York*, 2017 WL 151625, at *3 (S.D.N.Y. Jan. 13, 2017) (collecting cases).

To the extent Plaintiff is asserting a race discrimination claim, based on her allegation individuals used racist language toward her, she does not provide any details regarding this conduct or attribute the racist language to an individual employed by Amsterdam, East Haven, or Dream Job, and her complaint, in its current form, fails to state a claim upon which relief may be granted. The Court therefore grants Plaintiff leave to amend her complaint to state facts in support of any claim of race discrimination she may be asserting by describing what occurred, when and where the discrimination took place, who participated in the discrimination, and any other facts that suggest Defendants considered Plaintiff's race when denying her employment.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[4] If an employment practice – such as relying on an applicant's criminal history – has a disparate impact on an employee who is protected under Title VII, that employee may assert a disparate impact claim. *See Mandala v. NTT Data, Inc.*, 975 F.3d 202, 208 (2d Cir. 2020) (holding that plaintiffs did not state a disparate impact claim). The complaint does not suggest that Plaintiff can assert a disparate impact claim under Title VII because Amsterdam, East Haven, and Dream Job presumably denied Plaintiff employed based on a decision by DOH.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a procedural due process claim, a First Amendment claim, and/or a Title VII claim, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail these claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the amended complaint must be repeated in the second amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10048 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

A copy of NYLAG's flyer with details of the clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes      ☐ No

_____

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                        Middle Initial            Last Name

Street Address

County, City                                State                        Zip Code

Telephone Number                        Email Address (if available)

### B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                        State                        Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                        State                        Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State              Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐   race: _____

   ☐   color: _____

   ☐   religion: _____

   ☐   sex: _____

   ☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.   Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment
actions against me (check only those that apply):

    ☐  did not hire me

    ☐  terminated my employment

    ☐  did not promote me

    ☐  did not accommodate my disability

    ☐  provided me with terms and conditions of employment different from those of
similar employees

    ☐  retaliated against me

    ☐  harassed me or created a hostile work environment

    ☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should
explain what actions defendants took (or failed to take) *because of* your protected
characteristic, such as your race, disability, age, or religion. Include times and locations, if
possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed
with the U.S. Equal Employment Opportunity Commission, the New York State Division of
Human Rights, the New York City Commission on Human Rights, or any other government
agency.

## V.     ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

      ☐   Yes (Please attach a copy of the charge to this complaint.)

           When did you file your charge?     _____

      ☐   No

Have you received a Notice of Right to Sue from the EEOC?

      ☐   Yes (Please attach a copy of the Notice of Right to Sue.)

           What is the date on the Notice?     _____

           When did you receive the Notice?     _____

      ☐   No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

      ☐   direct the defendant to hire me

      ☐   direct the defendant to re-employ me

      ☐   direct the defendant to promote me

      ☐   direct the defendant to reasonably accommodate my religion

      ☐   direct the defendant to reasonably accommodate my disability

      ☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court
Southern District of New York**

## Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](http://www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](http://www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address                    City                    State                    Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
New York | Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

### Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

### Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

### Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

