UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADINE JOACHIN,<br><br>        Plaintiff,<br><br>-against-<br><br>DREAM JOB STAFFING; EAST HAVEN NURSING AND REHAB CENTER; CHRC LEGAL UNIT; AMSTERDAM NURSING HOME,<br><br>        Defendants. | 23-CV-10083 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  By order dated January 29, 2024, the Court granted Plaintiff 60 days' leave to file an amended complaint. On February 13, 2024, Plaintiff filed her amended pleading, which is substantially similar to her original pleading. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint without prejudice to any future action Plaintiff seeks to bring against her employer under Title VII of the Civil Rights Act.

## DISCUSSION

### A. Claims Against the CHRC Legal Unit

  In the Court's January 29, 2024 order, the Court construed Plaintiff's complaint as asserting a procedural due process claim against Defendant "CHRC legal unit," the New York State Department of Health ("DOH") unit that processes criminal background checks for individuals who seek employment in a nursing facility. Plaintiff also asserted a First Amendment claim against the DOH unit but did not plead any facts in support of that claim. The Court therefore granted Plaintiff leave to assert procedural due process and First Amendment claims against individuals employed with the DOH unit.

For the procedural due process claim, the Court specifically directed Plaintiff to name the DOH state officials who were involved personally in her employment application, plead facts describing the steps she had taken to challenge any unfavorable DOH decisions, and allege any additional facts in support of her claim that the decision to deny her employment application violated her procedural due rights. For the First Amendment claim, the Court directed Plaintiff to plead facts in support of this claim. Finally, the Court noted that Plaintiff cannot bring claims seeking monetary relief against the CHRC legal unit because, as a state entity, such claims are barred under the Eleventh Amendment.

In the amended complaint, Plaintiff names as a Defendant the CHRC legal unit; she does not name any individual defendants. Moreover, she does not state any facts suggesting that her rights under the Fourteenth Amendment or the First Amendment were violated. Rather, she seeks money damages for alleged harassment and discrimination at her workplace. Accordingly, because the Eleventh Amendment bars Plaintiff's money damages claims against the CHRC legal unit, the Court dismisses all claims brought against this Defendant under 28 U.S.C. § 1915(e)(2)(B)(iii). *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.").

**B.    Claims Against Amsterdam Nursing Home, East Haven Nursing, and Dream Job Staffing**

In the January 29, 2024 order, the Court construed the complaint as asserting a race discrimination claim under Title VII of the Civil Rights Act because Plaintiff referred to an Equal Employment Opportunity Commission ("EEOC") "case" and described interactions at her workplace that involved her race. (ECF 6, at 5.) In its grant to replead, the Court directed Plaintiff to describe the discriminatory events that occurred at her workplace, when and where

the discrimination took place, who participated in the discrimination, and any other facts that suggested Defendants considered Plaintiff's race when denying her employment.

In the amended complaint, Plaintiff does not plead any facts describing discrimination at the two nursing facilities she names as Defendants (Amsterdam Nursing Home and East Haven Nursing) or at the employment agency that she also names as a Defendant (Dream Job Staffing). Rather, she states in conclusory terms that she experienced discrimination at her workplace. Accordingly, the Court dismisses the claims brought against the Amsterdam Nursing Home, East Haven Nursing, and Dream Job Staffing for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal, however, is *without prejudice* to any action Plaintiff may seek to bring against her employer following exhaustion of her claims with the EEOC.[1] Should Plaintiff's charge not be resolved favorably during the EEOC proceedings, and she receives a right-to-sue letter, she may file a new civil action.

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court granted Plaintiff leave to file an amended complaint to provide more facts regarding the alleged discrimination she alleges she experienced at her workplace. Instead of pleading more facts in her amended complaint, Plaintiff submitted a near duplicate of her original complaint. Because

---

[1] The complaint suggests that Plaintiff's EEOC proceedings are pending because she states that the events giving rise to her claims occurred on November 14, 2023. In her original complaint, filed on November 15, 2023, she stated, "I submitted documents to my EEOC Paul Esposito." (ECF 1, at 5.)

Plaintiff failed to cure the complaint's deficiencies, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge